UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SHAUN S.,                                                    Case No. 3:19-cv-01476-AC

                              Plaintiff,                     OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                              Defendant.

_____

ACOSTA, Magistrate Judge:

        Plaintiff Shaun S.[1] seeks judicial review of the final decision of the Commissioner of

Social Security denying his application for a period of disability and disability insurance benefits

under Title II of the Social Security Act, 42 U.S.C. §§ 401-403.   This court has jurisdiction

pursuant to 42 U.S.C. § 405(g).   All parties have consented to allow a Magistrate Judge to enter

final orders and judgment in this case in accordance with 28 U.S.C. § 636(c).   For the following

_____

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the
last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

reasons, the Commissioner's decision is reversed and remanded for an immediate award of benefits.

*Procedural Background*

On September 15, 2015, Plaintiff filed an application for a period of disability and disability benefits, alleging disability beginning December 4, 2013, due to cirrhosis, ADHD, mild autism, high blood pressure, thyroid issues, insomnia, right knee pain, and right shoulder pain. Tr. Soc. Sec. Admin. R. ("Tr.") 75, ECF No. 9.   Plaintiff's claims were denied initially and upon reconsideration.   Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on March 19, 2018, at which Plaintiff appeared with his attorney and testified.   A vocational expert, Gary R. Jesky, also appeared and testified at the hearing.   On June 18, 2018, the ALJ issued an unfavorable decision.   The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review.   Tr. 1.

Plaintiff was born in 1955, was fifty-eight years old on the alleged onset date of disability and sixty-two on the date of the ALJ's decision.   Tr. 38, 63.   Plaintiff has a college degree in computer science and a Master's degree in electrical engineering.   Tr. 41-42.   Plaintiff has past relevant work as a computer engineer, computer programmer, and systems analyst.   Tr. 57.

*The ALJ's Decision*

The ALJ determined that Plaintiff meets the insured status requirements through March 31, 2018, and that he engaged in substantial gainful activity ("SGA") during 2013, 2016, and part of 2017, but that there was a continuous twelve-month period(s) during which he did not engage in SGA.   Tr. 17.   At step two, the ALJ determined that Plaintiff has the following severe impairments:   degenerative disc disease of the lumbar spine at L5-S1; minimal degenerative joint

Page 2  – OPINION AND ORDER

disease of the knees; major depressive disorder; and attention deficit hyperactivity disorder ("ADHD"). Tr. 18. At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal any listed impairment. Tr. 18-19. Reviewing all the evidence in the record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following additional limitations: he can occasionally climb ramps and stairs but never ropes, ladders or scaffolds; he can occasionally kneel, crouch and crawl; he should avoid concentrated exposure to hazards; and he can have occasional contact with the public. Tr. 20.

At step four, the ALJ determined that Plaintiff is capable of performing past relevant work. Tr. 28. The ALJ did not make alternative step five findings. Tr. 28. Therefore, the ALJ found that Plaintiff was not disabled from December 4, 2013, through the date of the decision and denied Plaintiff's application for disability benefits. Tr. 28.

### Issue on Review

Plaintiff argues the ALJ erred by improperly evaluating the opinion of his treating psychiatrist, Judatha Kline, Ph.D. The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of legal error.

### Standard of Review

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v.*

Page 3 – OPINION AND ORDER

*Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).    To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision.    *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009.    "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner."    *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I.    Medical Opinion Evidence

   *A.*    *Standards*

   The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions.    *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).    In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician.    *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); 20 C.F.R. § 404.1527.    "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight."    *Orn*, 495 F.3d at 631 (internal quotations omitted) (alterations in original); *Trevizo*, 871 F.3d at 675 (same); 20 C.F.R. § 404.1527(c). [2]    "When a treating

---

[2]  For all claims filed on or after March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1520c (not § 404.1527) govern.    The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."    20 C.F.R. § 404.1520c.    Thus, the new regulations eliminate the term "treating source," as well as what is customarily known as the treating source or treating physician rule.

physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Trevizo*, 871 F.3d at 675; 20 C.F.R. § 404.1527(c)(2)-(6).

To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1012. To meet this burden, the ALJ must set out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

B.    *Analysis*

Judatha Kline, Ph.D., is one of plaintiff's treating mental health providers. Dr. Kline began treating Plaintiff in May 2017 and met with Plaintiff one or twice per week on thirty occasions through March 2018. Tr. 1981-84. On January 29, 2018, Dr. Kline provided a letter indicating that she had been treating Plaintiff in therapy sessions and diagnosed Plaintiff with ADHD, combined type, and Bipolar 2 Disorder. Tr. 1980. In the January 2018 letter, Dr. Kline

---

*See* 20 C.F.R. § 404.1520c. In this case, Plaintiff filed his claim for benefits in September 2015, well before March 27, 2017. *See* 20 C.F.R. § 404.614 (defining when an application for benefits is considered filed). Thus, the court analyzes Plaintiff's claim utilizing § 404.1527 (providing the rules for evaluating opinion evidence for claims filed prior to March 27, 2017).

opined that Plaintiff's symptoms are significant and "present intractable barriers to sustained employment." Tr. 1980.

On March 7, 2018, Dr. Kline completed a Medical Source Statement and a Mental Residual Functional Capacity ("MRFC") in which she opined that Plaintiff suffers from numerous marked and extreme limitations. Tr. 1981-84. In the statement, Dr. Kline noted that Plaintiff experiences symptoms such as "[p]oor concentration, impulsivity, distractability, forgetfulness, mood swings, irritability, paranoia, lack of attention to detail, hopelessness, feelings of worthlessness, difficulty listening, restlessness, excitab[ility], avoidance of tasks that require sustained attention, isolation, anger, hypomania, [and] recurrent suicidal thoughts." Tr. 1981. Dr. Kline opined that Plaintiff has marked limitations in interacting with others because he has "difficulty reading social cues," feels judged by others, and personally "targeted by societal and economic forces." Tr. 1982. Dr. Kline opined that Plaintiff has extreme limitations in his ability to sustain concentration, persistence and pace due to his severe ADHD, noting that Plaintiff is unable to focus on any task that is not compelling to him. Tr. 1982. Dr. Kline opined that Plaintiff has extreme limitations in his ability to manage himself because of his inability to organize his basic needs over time. Tr. 1982.

In the MRFC, Dr. Kline opined that Plaintiff suffers from extreme limitations in the following categories: ability to maintain attention for extended periods, perform activities within a schedule, work in proximity to others without being distracted, and complete a normal workday or workweek without interruptions from psychologically based symptoms. Tr. 1983. Dr. Kline indicated in the MRFC that Plaintiff has the following marked limitations: ability to sustain an ordinary routine without special supervision, interact appropriately with the general public, accept instructions or respond appropriately to criticism from supervisors, maintain socially appropriate

Page 6 – OPINION AND ORDER

behavior, and respond appropriately to changes in the work setting.   Tr. 1983.   Additionally, Dr. Kline opined that Plaintiff would be expected to be absent sixteen hours per month in even a simple, routine job because of his impairments, noting that a simple job would be unlikely to sustain his attention.   Tr. 1984.

In the decision, the ALJ gave Dr. Kline's opinions "little weight" providing several reasons:   (1) Dr. Kline began treating him in May 2017, and thus did not treat him during the relevant time period; (2) Dr. Kline's opinion that he is unable to sustain employment is inconsistent with Plaintiff's ability to earn SGA during the relevant time, collect unemployment, and look for work; (3) Dr. Kline's opinion is inconsistent with absence of psychiatric hospitalizations; (4) it is inconsistent with other treatment notes indicating symptom improvement when compliant with medications; and (5) it inconsistent with symptomatic exacerbations corresponding to situational stressors.   Upon careful review, the court concludes that the ALJ's reasoning fails to provide specific and legitimate reasons backed by substantial evidence for discounting Dr. Kline's opinion.

          1.       treatment during relevant period

The ALJ found that Dr. Kline began treating Plaintiff in May 2017, and that the relevant period ended December 31, 2016. Tr. 26.   At step one, however, the ALJ determined that Plaintiff had sufficient quarters of coverage through March 31, 2018.   Tr. 17.   Thus, Dr. Kline's treatment of Plaintiff, beginning in May 2017, and continuing through February 2018, was during the relevant period.   Thus, this portion of the ALJ's findings is not supported by substantial evidence.

Next, the ALJ also inappropriately discounted Dr. Kline's opinion based on the length of their treatment relationship.   *Trevizo*, 871 F.3d at 676 (finding ALJ erred when discounting treating physician's opinion by failing to consider the length of the treating relationship, frequency of examination, nature of treatment relationship, or supportability of opinion, citing 20 C.F.R. §

Page 7  – OPINION AND ORDER

404.1527(c)(2)-(6)).   The record reflects that Plaintiff met with Dr. Kline thirty times between May 2017 and February 2018.   Tr. 1981; *see also* 1626, 1639, 1696, 1698 (noting that Plaintiff was seeing Dr. Kline for therapy to discuss marital issues).   Thus, the ALJ's first rationale is not supported by substantial evidence and is not a specific and legitimate reason to discount Dr. Kline's opinion.

        2.        SGA in relevant period, collected unemployment, and looked for work

The ALJ discounted Dr. Kline's opinion because Plaintiff engaged in SGA after his alleged onset date.   The Commissioner contends that Dr. Kline's opinion that Plaintiff is unable to work is undermined by his ability to engage in SGA in 2016 and 2017 and collect unemployment. (Def.'s Br. at 7.)   The court disagrees.

While the record supports the ALJ's findings that Plaintiff engaged in SGA in 2016, it does not support a finding of SGA in 2017.   As the Plaintiff correctly highlights, Plaintiff's earnings in 2017 came primarily from his receipt of short-term disability insurance payments.   Tr. 200-01, 1985-2018.   Furthermore, Plaintiff's SGA in 2016 ultimately led to his termination in December 2016 and his subsequent enrollment in intensive outpatient therapy.   Tr. 1843-45.   The court is not convinced that Plaintiff's ability to perform work for a short period of time is inconsistent with Dr. Kline's opinion.   Dr. Kline opined that Plaintiff has decades of experience obtaining employment, but then losing jobs due to his inability to complete projects, attend to detail, and losing interest.   Tr. 1982.   Thus, the ALJ's findings with respect to SGA are not fully supported by substantial evidence.

Additionally, the court finds that on the record before it, Plaintiff's receipt of unemployment benefits and undertaking job searches are not specific and legitimate reasons for discounting Dr. Kline's opinion.   The record reflects that on December 15, 2017, Plaintiff

Page 8 – OPINION AND ORDER

reported to a social worker at the Veteran's Administration ("VA") that he was receiving unemployment, "which was paying his rent." Tr. 1572.    While Plaintiff did receive unemployment benefits in the sum of $3,332 in 2017, it is unclear if that was based on full- or part-time work. Tr. 204.    Receiving unemployment benefits may undermine a claimant's alleged inability to work full-time, however, it is not clear if Plaintiff's 2017 unemployment earnings were based on full- or part-time work. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (noting that receipt of unemployment benefits may be basis for discounting subjective symptom testimony if claimant held himself out as available for fulltime work).    And Plaintiff's Psychiatric Mental Health Nurse Practitioner, Susan E. Hoffman, encouraged him to obtain parttime work after he lost his job in December 2016 so that he could participate in the intensive outpatient program. Tr. 1842. Thus, on this record, the court finds Plaintiff's receipt of unemployment benefits in 2017 is not fully supported by substantial evidence.

The record also reflects that Plaintiff's job search relied heavily upon support offered through the VA's Supported Employment Program.    Plaintiff regularly met with Bruce Reed, his Therapeutic Supported Employment Specialist, who assisted Plaintiff in sending resumes, corresponding with potential employers, and transportation. *See, e.g.,* Tr. 442, 611, 1171, 1571. While the record does indicate that Plaintiff was actively looking for work, examining the record as whole reflects that Plaintiff is unable to set realistic goals about what jobs he is capable of performing and his ability to sustain such employment. Tr. 84.    Further, Plaintiff persistently complained of debts owed, garnished wages, and frequently had unstable housing, thus motivating him to look for work, despite his inability to sustain employment. Tr. 139, 525, 659, 959, 1038. Accordingly, the ALJ's rejection of Dr. Kline's opinion based on Plaintiff's earnings in 2017, receipt of unemployment benefits, and job searches is not supported by substantial evidence in the

Page 9 – OPINION AND ORDER

record as a whole, and fails to provide a specific and legitimate basis for rejecting Dr. Kline's opinion.

### 3. absence of psychiatric hospitalizations during relevant period

The ALJ discounted Dr. Kline's opinion because it was inconsistent with the absence of psychiatric hospitalizations during the relevant period. Tr. 26. The lack of psychiatric hospitalizations is not a specific or legitimate basis to upon which to discount a treating physician's opinion. *Miranda W. v. Saul*, Case No. 3:19-cv-1462-SI, ___ F. Supp. 3d ___, 2020 WL 4756737, at *9 (D. Or. Aug. 17, 2020) (holding ALJ erred in rejecting treating psychologist's opinion because of the "absence of psychiatric hospitalizations); *Morales v. Berryhill*, 239 F. Supp. 3d, 1211, 1216 (E.D. Cal. 2017) ("A claimant may suffer from mental health impairments that prevent him from working but do not require psychiatric hospitalization."); *Finn v. Astrue*, No. EDCV11-1388 CW, 2013 WL 501661, at *5 (C.D. Cal. Feb. 7, 2013) (holding ALJ erred in rejecting treating physician opinion because claimant was not hospitalized for mental health treatment). The fact that Plaintiff was not psychiatrically hospitalized does not mean he did not suffer "mental health impairment[s] that prevented him from working." *Morales*, 239 F. Supp. 3d at 1216 (concluding that lack of psychiatric hospitalizations was not specific or legitimate basis to discount physician's opinion).

Further, the record does not fully support the ALJ's findings. The record reveals conflicting evidence concerning whether Plaintiff was referred for inpatient hospitalization during the period under review. Medical records from the VA show that Plaintiff was admitted on a psychiatric hold from December 12 to December 14, 2012. Tr. 883-909. Records from Plaintiff's short-term disability insurer reflect that Plaintiff was hospitalized from December 12 to December 14, 2016. Tr. 1994. The record also reflects that on December 5 and 6, 2016, Plaintiff

discussed hospitalization with Ms. Hoffman due to his suicidal ideation, inability to "last much longer at work," and his desire for increased mood stabilization.  Tr. 1842-43.  Plaintiff appears to have declined inpatient hospitalization at that time, instead agreeing to intensive outpatient therapy, which he began December 13, 2016, and continued through September 2017.  Tr. 1622, 1822.

Further, consistent with Dr. Kline's opinion, the record reflects persistent suicidal ideation with a plan, but no intent, throughout the entire adjudicative period.  *See, e.g.,* Tr. 445, 497, 525, 564, 629, 679, 727, 814, 851, 893, 1202, 1652, 1706, 1877.  In October 2015, the VA flagged Plaintiff as an increased suicide risk, and records reflect that Plaintiff attempted suicide in December 2015 by consuming an entire bottle of Trazodone.  Tr. 1149, 1186.  Thus, the ALJ's rationale is not supported by substantial evidence and fails to provide a specific and legitimate reason for discounting Dr. Kline's opinion.

4.    improvement when compliant with medications

As the ALJ noted, Plaintiff reported benefit at times from medications.  Tr. 23, 26. "'Reports of "improvement" in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms . . . [and] with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in the workplace.'" *Miranda W.*, 2020 WL 4756737, at \*6 (quoting *Garrison*, 759 F.3d at 1017).  However, Plaintiff did not have sustained success with certain medications, discontinued others due to side effects, had difficulty remembering to take his medications, and had difficulty remembering to refill them in a timely manner.  Tr. 650, 857, 1149, 1197, 1212, 1222.  Plaintiff's inability to reliably take and refill his medication is a manifestation of his mental health impairment.  *Miranda W.*, 2020

Page 11  – OPINION AND ORDER

WL 4756737, at *6 (holding ALJ erred in discounting subjective symptom testimony and treating psychologist opinion where "inability to track and reliably take the multiple medications prescribed to her was another manifestation of her severe mental health symptoms" where claimant suffered from bipolar disorder, depression, anxiety, attention deficit disorder and PTSD). The record here reflects that even when taking medications, Plaintiff remained at a "chronically elevated risk of suicide." Tr. 1423, 1638. Thus, the ALJ's finding that Plaintiff's mental health improved when medication-compliant is not supported by substantial evidence and fails to provide a specific and legitimate basis for discounting Dr. Kline's opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (holding ALJ erred in rejecting physician's opinion based on "improvement" where not supported by overall diagnostic picture); *Miranda W.*, 2020 WL 4756737, at *9 (finding ALJ erred in rejecting treating psychologist's opinion based on claimant's improvement when medication compliant).

5.     situational stressors

Finally, the ALJ discounted Dr. Kline's opinion because it was inconsistent with Plaintiff's "experiencing symptomatic exacerbations corresponding to situational stressors, suggesting that the intensity of his mental symptoms were more situational than intrinsic." Tr. 26. Again, the ALJ's reasons are not fully supported.

The ALJ identified some situational stressors, including his divorce and subsequent legal issues in 2014, romantic problems in 2015, and tax problems in 2015. Tr. 443, 527, 607. However, Dr. Kline began treating Plaintiff in May 2017, well after the alleged situational stressors occurred. Tr. 1981. Thus, the ALJ's fifth rationale fails to provide a specific and legitimate basis for discounting Dr. Kline's opinion. Additionally, the court disagrees with the ALJ's finding that "situational stressors" fully explains the severity of Plaintiff's mental health limitations on his

Page 12 – OPINION AND ORDER

ability to engage in basic work activities. *See Bryant v. Astrue*, Case No. C12-5040-RSM-JPD, 2012 WL 5293018, at *7 (W.D. Wash. Sept. 24, 2012), *adopted*, 2012 WL 5293016 (W.D. Wash. Oct. 26, 2012) (finding that ALJ erred in discounting claimant's subjective symptoms because they were based on situational stressors as opposed to her personality disorder).

In summary, none of the ALJ's supplied reasons provide a specific or legitimate basis for discounting Dr. Kline's opinion and the court concludes that the ALJ has committed harmful legal error. *Trevizo*, 871 F.3d at 676.

II.      Remedy

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Page 13 – OPINION AND ORDER

The ALJ erred by failing to provide legally sufficient reasons for rejecting Dr. Kline's opinion. As discussed above, Dr. Kline opined that Plaintiff has numerous marked and extreme limitations that limit Plaintiff's ability to sustain competitive employment. Dr. Kline's opinion is consistent with evidence from Plaintiff's other treating mental health providers who similarly opined that Plaintiff was not capable of sustained competitive employment. *See, e.g.,* Tr. 498 (treating psychotherapist Michelle J. Blum, L.C.S.W., observes that Plaintiff is "completely overwhelmed with trying to take care of himself and meet concrete needs"); Tr. 1987 (treating mental health nurse practitioner Susan E. Hoffman, P.M.H.N.P., states that Plaintiff was unable to concentrate and cope with stressors and would be absent from work due to intensive outpatient therapy). And, nonexamining agency physician Bill Hennings, Ph.D., opined in March 2016 that Plaintiff was capable of sustaining concentration, persistence, and pace for only simple, routine tasks because he becomes easily overwhelmed; that he would have difficulty responding to criticism from others due to his poor coping skills and tendency to overreact; and that Plaintiff was markedly limited in his ability to set realistic goals and make plans independently of others. Tr. 83-84. Notably, Dr. Hennings's opinion was rendered prior to Plaintiff's worsening mental health symptoms evidenced by his intensive outpatient treatment in 2017, and without the benefit of reviewing Dr. Kline's March 2018 opinion.

Dr. Kline also opined that Plaintiff would be expected to be absent from work at least two days per month. Tr. 1984. At the hearing, the vocational expert testified that an individual who routinely is absent two days per month is not capable of sustaining competitive employment. Tr. 59. Thus, the record is fully developed, and when the improperly rejected medical evidence is credited as true, a finding of disability is required and any further administrative proceedings would serve no useful purpose.

Page 14 – OPINION AND ORDER

The Commissioner argues that application of the credit-as-true doctrine is inappropriate because the record creates "serious doubt" as to whether Plaintiff is disabled, citing Plaintiff's lack of credibility.   Having carefully reviewed the voluminous record, and the numerous errors in the ALJ's assessment of that record, the court finds the Commissioner's contentions are not well-taken.   The Court finds that the record does not create any serious doubt as to whether Plaintiff is disabled.

In short, Plaintiff has satisfied the three prongs of the credit-as-true doctrine, and therefore the court remands this case for an award of benefits.   *See Garrison*, 759 F.3d at 1020-21 (reversing and remanding for benefits when improperly discredited evidence is credited as true and there is no basis to doubt claimant disabled); *Varela v. Saul*, 827 F. App'x 713, 714-15 (9th Cir. 2020) (reversing district court's determination to remand for further proceedings, instead remanding for an award of benefits where crediting treating physician's opinion as true, there was no doubt that claimant was disabled).

## *Conclusion*

Based on the foregoing, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision REVERSED and REMANDED for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 22nd day of March, 2021.

JOHN V. ACOSTA
United States Magistrate Judge

Page 15 – OPINION AND ORDER